UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAMIE DESILETS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITY COLLEGE, )<br>GARY ZANE, and )<br>KRISTOPHER MIVILLE, )<br>)<br>Defendants. ) | **COMPLAINT &**<br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, Jamie Desilets, by and through her undersigned counsel, and, pursuant to F.R. Civ. P. 8, hereby complains against the Defendants as follows:

## PRELIMINARY STATEMENT

1.  This is an action involving claims under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688 (hereinafter, "Title IX") arising out of a sexual assault, and for substantial and related claims for negligence under the state and common laws of the State of Maine, all arising from Defendants' actions and/or omissions.

2.  Plaintiff seeks damages in an amount reasonable in the circumstances, plus interest and costs, as allowed by law.

## JURISDICTION

3. Subject matter jurisdiction of this Honorable Court respectfully invoked pursuant to both 28 U.S.C. §§ 1331, 1334.

4. Supplemental jurisdiction of this Honorable Court over the Plaintiff's state-law claims that relate to, and form part of, the same case or controversy respectfully invoked pursuant to 28 U.S.C. § 1332 and is founded on diversity of citizenship due to the involvement of citizens of different states and the matter in controversy exceeding the value of $75,000.00 exclusive of interest and costs.

## VENUE

6. Venue is proper pursuant to 28 U.S.C. § 1391 (a)(1) in that the Defendant Unity College operates in this judicial district and is subject to this Court's personal jurisdiction, and the injury took place in this district.

## PARTIES

7. The Plaintiff, Jamie Desilets, is an individual and resident of North Attleboro, County of Bristol, and Commonwealth of Massachusetts. At all relevant times, Plaintiff was a student at Defendant Unity College, in Unity, County of Waldo, and State of Maine.

8. Defendant Unity College, is a nonprofit Corporation (T13-B) private liberal arts college incorporated in Maine, with its primary place of business in Unity, County of Waldo, and State of Maine.

9. Defendant Unity College receives federal funding and financial assistance within the meaning of 20 U.S.C. § 1681(a) and is otherwise subject to Title IX.

10. Defendant Gary Zane, at all relevant times, was employed by Defendant Unity College as a Dean for Student Affairs and as its Title IX Coordinator.

11. Defendant Kristopher Miville, at all relevant times, was employed by Defendant Unity College as a public safety officer.

12. At all relevant times, Defendant Zane and Defendant Miville were acting in the course and scope of their employment at Defendant Unity College.

13. Under the doctrine of *respondeat superior* Defendant Unity College was and is responsible for all actions of Defendant Gary Zane and Defendant Kristopher Miville done while employed at Defendant Unity College.

## FACTS

14. On September 18, 2015, and/or the early morning hours of September 19, 2015, the Plaintiff, while incapacitated, was brought into TerraHaus, an on-campus residence, by a fellow Unity College student.

15. This male student took the Plaintiff to his dorm room in TerraHaus, where he sexually assaulted her.

16. On September 19, 2015, almost immediately after being sexually assaulted, the Plaintiff fell two stories out of a window in the assailant's room, landing on her back on the ground below. The window is designed to open horizontally, like a door, and is large enough for an adult to fit through. There are no railings, bars, or other safety features to prevent a person from falling through the window.

17. On the morning of September 19, 2015, Defendant Kristopher Miville, a Unity College security officer, came upon the Plaintiff, who was naked on the ground

outside of TerraHaus beneath the assailant's window. When he asked the Plaintiff why she was naked, she replied that she didn't know. The Plaintiff reported that she had fallen out of a window and that her back hurt.

18. Despite this, Defendant Miville took no steps to investigate why the Plaintiff was naked on the ground, outside of a residence hall, where she did not live.

19. Defendant Miville took no measures to evaluate Plaintiff's physical condition, nor did he call an ambulance or any other medical professional to assist in evaluating the Plaintiff's condition.

20. Instead, Defendant Miville began to question the Plaintiff about whether she had been drinking, how much she had to drink, and where she had been drinking. Meanwhile, the assailant emerged from the residence hall with a pair of his own shorts and the Plaintiff's shirt, which he threw to the Plaintiff.

21. Defendant Miville and the assailant physically pulled the Plaintiff to her feet and brought her back into the assailant's residence hall, where she did not live, and left her on a couch in the common area, dressed in a mixture of her own clothes and her assailant's clothes.

22. Later that day, the Plaintiff had a friend drive her to Waterville General Hospital, where it was discovered that she had suffered two fractures to her lower spine. The Plaintiff was immediately immobilized and was transferred by ambulance to Maine Medical Center in Portland, Maine, for further treatment.

23. In addition to the treatment for her spinal fractures, the Plaintiff underwent antibiotic therapy to treat a urinary tract infection that was causing her to urinate blood.

24. The Plaintiff was fitted with a TLSO (Thoraco-Lumbar-Sacral-Orthosis) brace. This type of brace immobilizes the spine, covering the patient from the chest to hips. On discharge, the Plaintiff was warned not to bend or twist at the waist. She was also instructed not to sit for longer than twenty minutes at a time. Because of this, she would not be able to return to Unity College for several months. She returned to Massachusetts to recuperate at her parents' home.

25. On September 23, 2015, the Plaintiff presented to Sturdy Memorial Hospital in Attleboro, Massachusetts, and underwent a sexual assault evaluation.

26. The Plaintiff reported the sexual assault to the Title IX Coordinator, Defendant Zane, on or about September 23, 2015.

27. Defendant Zane did not investigate the reported sexual assault, other than to make a few brief telephone calls to the assailant and another male student.

28. Neither Defendant Zane nor anyone employed by or affiliated with Unity College offered any interim safety measures to protect the Plaintiff following her report of being sexually assaulted.

29. Neither Defendant Zane nor anyone employed by or affiliated with Unity College offered to the Plaintiff any resources for emotional support or counseling.

30. Defendant Zane informed the Plaintiff that no further action would be taken with respect to the Plaintiff's complaint, describing it as a "he-said-she-said" situation.

31. The Plaintiff attempted to return to Unity College after her spinal fractures had healed.

32. No one from Unity College or its Title IX office ever contacted the Plaintiff regarding disciplinary proceedings, investigation of the sexual assault, protection of the Plaintiff from any further interaction with her assailant, ensuring that the assailant would not be in any of the Plaintiff's courses, restraining the assailant's proximity to the Plaintiff, or any other measure to protect her safety.

33. The Plaintiff repeatedly encountered her assailant on campus. As a result, she developed extreme anxiety and experienced intrusive memories of the assault and of falling from the second-floor window.

34. Unity College knew that it had a duty to investigate, accommodate, and protect sexual assault victims, such as the Plaintiff, and to investigate and sanction those responsible in a manner that addressed the harassment and prevented its recurrence.

35. Because no accommodations were made for the Plaintiff's physical and emotional safety upon her return to Unity College, she was unable to complete her degree. She dropped out and moved back in to her parents' home in Massachusetts.

**COUNT I**
**Violation of Title IX – 20 U.S.C. § 1681(a)**

36. The Plaintiff repeats and re-alleges Paragraphs 1 through 35 above as if the same were set forth fully herein.

37. Defendant Unity College and Defendant Zane had actual knowledge of the plaintiff's sexual assault.

38. Defendant Unity College and Defendant Zane's responses to the assault were clearly unreasonable in light of the known circumstances.

39. The sexual assault, the risks to Plaintiff's safety, and the loss of her ability to continue attending Defendant Unity College was so severe, pervasive, and objectively offensive as to bar Plaintiff's access to educational opportunities and benefits.

40. Plaintiff was subjected to the Defendant Unity College and Defendant Zane's deliberate indifference to known acts of sexual violence and harassment, including, but not limited to:

    (a) Defendant Unity College and Defendant Zane's deliberate decision not to investigate the sexual assault;

    (b) Defendant Unity College and Defendant Zane's deliberate decision not to provide the plaintiff with safety measures and accommodations so that she could safely pursue her studies;

    (c) Defendant Unity College and Defendant Zane's deliberate decisions not to comply with its own policies on Sexual Misconduct, Title IX, and sexual harassment, as well as the legal requirements of Title IX.

41. Plaintiff was subjected to sexual assault, harassment, and discrimination that were so severe, pervasive, and objectively offensive that she was denied access to educational opportunities and benefits.

42. For Plaintiff, Defendant Unity College became an intimidating, hostile, offensive, and abusive school environment in violation of Title IX.

43. As a result of Defendant Unity College and Defendant Zane's deliberate indifference, Plaintiff was forced to leave campus and lost her educational opportunities.

44. Because of Defendant Unity College and Defendant Zane's deliberate indifference, Plaintiff has suffered losses of educational opportunities and benefits, along with injuries, damages and losses, including, but not limited to, lost future earnings and loss of earning capacity; damage to and delays in her pursuit of higher education; and fear, anxiety, trauma and severe emotional distress.

WHEREFORE, the Plaintiff, Jamie Desilets, prays for judgement against the Defendants awarding:

(a) Damages in amounts to be established at trial, including, without limitation, reimbursement and prepayment for all of Plaintiff's tuition and related expenses; payment of expenses incurred as a consequence of the sexual assault; damages for deprivation of equal access to the educational benefits and opportunities provided by Unity College; and damages for past, present and future emotional pain and suffering, ongoing severe mental anguish; loss of past, present, and future enjoyment of life; and past and present lost earnings and earning capacity;

(b) Injunctive relief to be determined at trial requiring Unity to comply with federal law under Title IX;

(c) Pre- and post-judgement interest;

(d) Costs;

(e) Attorney's fees pursuant to 42 U.S.C. 1988(b); and

(f) Such other and further relief as the Court may deem just and proper.

## COUNT II
## NEGLIGENT SUPERVISION/LACK OF SECURITY

45. The Plaintiff repeats and re-alleges Paragraphs 1 through 44 above as if the same were set forth fully herein.

46. Defendant Unity College owes a duty of care to its students to ensure their safety in campus residence halls.

47. Defendant Unity College provided inadequate supervision and/or security in the residential halls to ensure its students' safety in the residence halls.

48. The assault was a foreseeable, direct, and proximate result of Defendant Unity College's failure to exercise reasonable care in taking measures reasonably necessary to ensure its students' safety in its campus residence halls.

49. As a result of Defendant Unity College's negligent failure to provide supervision and/or security in its residence halls, Plaintiff suffered physical injuries and severe emotional distress.

WHEREFORE, the Plaintiff, Jamie Desilets, prays for judgment against the Defendant in an amount reasonable under the circumstances, plus interest and costs as allowed by law, and such other and further relief as the Court may deem just and proper.

## COUNT III
## DANGEROUS CONDITION OF PREMISES/NEGLIGENT FAILURE TO WARN

50. The Plaintiff repeats and re-alleges Paragraphs 1 through 49 above as if the same were set forth fully herein.

51.  At all relevant times, Plaintiff was a lawful visitor to premises owned, occupied and operated as a student residential hall ("premises") by Defendant Unity College.

52.  At all relevant times, Defendant Unity College, and/or its employees, servants, and/ or agents, were responsible for the ownership, occupation, management, operation, supervision, condition, and control of said premises, which included the window in TerraHaus, and owed Plaintiff a duty of care to maintain the premises and windows in a safe and non-dangerous condition.

53.  On September 19, 2015, Plaintiff sustained severe personal injuries when she fell out the window in said premises and fell two stories to the ground below. Plaintiff's personal injuries were proximately caused by reason of the fact that said premises and windows were in a dangerous and unsafe condition of which Defendant Unity College was or should have been aware and Defendant Unity College negligently failed to maintain the premises, including its windows, in a safe condition.

54.  The premises and windows were unsafe because, among other reasons, the size of the window and its ability to be opened like a door was such that Plaintiff could and did fall out of the window to the ground below. Defendant Unity College created and maintained an unsafe condition, failed to give any or adequate warning of the hazard to the dormitory's residents or visitors, and failed to take adequate precautions to prevent falls from the window.

55. The Plaintiff's injuries were a reasonably foreseeable consequence of the Defendant's failure to maintain the premises in reasonably safe condition, and/or to warn of a known danger.

56. As a direct and proximate result of Defendant's failure to warn of a known danger on its premises, Plaintiff suffered serious physical injuries, severe emotional distress, and other damages.

WHEREFORE, the Plaintiff, Jamie Desilets, prays for judgment against the Defendant in an amount reasonable under the circumstances, plus interest and costs as allowed by law, and such other and further relief as the Court may deem just and proper.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

57. The Plaintiff repeats and re-alleges Paragraphs 1 through 56 above as if the same were set forth fully herein.

58. Defendant Unity College was in a special relationship to the Plaintiff, who was one of its students.

59. Defendant Kristopher Miville, as a Unity College security officer, was in a special relationship to the Plaintiff, a Unity College student who was injured, had just been sexually assaulted, and was in need of assistance.

60. Defendant Miville's conduct, for which Defendant Unity College is vicariously liable, was extreme, outrageous, and undertaken without regard as to whether it would cause the Plaintiff to suffer humiliation, mental anguish, and emotional physical distress.

61. As a direct and proximate result of the negligence of Defendant Miville, for which Unity College is vicariously liable, the Plaintiff suffered severe emotional distress and related physical symptoms, and other damages.

WHEREFORE, the Plaintiff, Jamie Desilets, prays for judgment against the Defendant in an amount reasonable under the circumstances, plus interest and costs as allowed by law, and such other and further relief as the Court may deem just and proper.

Dated: November 5, 2019

/s/ Leah M. Baldacci
Leah M. Baldacci, Esq. – Bar No. 5774
Caleb J. Gannon, Esq. – Bar No. 4445
Attorneys for Plaintiff
Lipman & Katz
P.O. Box 1051
5 Community Drive, Suite 3
Augusta, Maine  04332-1051
Tel: (207) 622-3711
Email:  lbaldacci@lipmankatz.com
            cgannon@lipmankatz.com